# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

**AMENDED JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:12-cr-124-T-30EAJ
USM NUMBER: 53987-018

vs.

NEANG PROM

Defendant's Attorney: Adam Allen, pda.

THE DEFENDANT:

X pleaded guilty to count(s) ONE of the Information
_ pleaded nolo contendere to count(s) which was accepted by the court.
_ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1594(c) | Conspiracy to Engage in Sex Trafficking Of Minors | 2010 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
_ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 17, 2012

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: September 27, 2012

# IMPRISONMENT

**After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.**

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY-SEVEN (37) MONTHS as to Count One of the Information.**

_X_ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at an appropriate facility outside the State of Florida.

_X_ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

   __ at __ a.m./p.m. on __.
   __ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   __ before 2 p.m. on __.
   __ as notified by the United States Marshal.
   __ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____

Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                                          _____
                                          United States Marshal

                                      By: _____
                                          Deputy United States Marshal

# SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count One of the Information.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

- [X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer.

- [X] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: NEANG PROM                                  Judgment - Page _4_ of _6_
Case No.:  8:12-cr-124-T-30EAJ

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X  Defendant shall participate as directed in a mental health program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this Court directive. Further, the defendant shall contribute to the costs of services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

X  The defendant shall register with the state sexual offender registration agency(s) in any state where she resides, visits, is employed, carries on a vocation, or is a student, as directed by her probation officer.

X  The probation officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title 1 of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

X  The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including; schools, daycare centers, theme parks, playgrounds, etc.

X  The defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any internet service provider, bulletin board system, or any public or private computer network system. The defendant shall permit routine inspection of your computer system, hard drives, and other media storage materials, to confirm adherence to this condition. This inspection shall be nor more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform his employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

X  The defendant shall submit to a search of her person, residence, place of business, any storage units under his/her control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X  The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court authorizes the probation officer to conduct random drug testing not to exceed 104 tests per year.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $100.00 | Waived | N/A |

\_\_ The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_\_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Totals: | $ | $ | |

\_\_ Restitution amount ordered pursuant to plea agreement  $ _____ .

\_\_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_\_ the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

\_\_ the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  **X**  Lump sum payment of $ 100.00  due immediately, or

B.  ___   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___   The defendant shall pay the cost of prosecution.

___   The defendant shall pay the following court cost(s):

**X**   The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture. The Court will part of this judgment the Preliminary Order of Forfeiture issued on July 30, 2012.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:12-cr-124-T-30EAJ

NEANG PROM
a/k/a "Pocahontas"

## PRELIMINARY ORDER OF FORFEITURE

The United States moves, pursuant to 18 U.S.C. § 1594(d), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), for a Preliminary Order of Forfeiture for the following assets:

- a. a Dell Inspiron 9300 computer, Serial Number: 64VFW81, with power cable and mouse;

- b. a Samsung Digital Camera, Serial Number: 971021641;

- c. 8 SD cards;

- d. an ACER Aspire M1100 desktop computer, Serial Number: PTS890X1338200381A2703;

- e. an HP Pavilion A420N computer, Serial Number: MXK3501PZP;

- f. ACER Veriton 7500 desktop computer, Serial Number: PS007472973210002AEH00;

- g. Dell Dimension 4550 computer, Serial Number: 2SBJV21; and

- h. Compaq Armada laptop, Model 1520DM, Serial Number: J7228M57V632.

Defendant Neang Prom pleaded guilty and was convicted of one Count of sex trafficking of minors, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) and (c), all in

violation of 18 U.S.C. § 1594(c). Doc. 30. The Court finds that the United States has established the requisite nexus between the property described above and the defendant's offense of conviction.

Accordingly, it is hereby ORDERED and ADJUDGED that:

The motion of the United States (Doc. 49) is GRANTED. Pursuant to 18 U.S.C. § 1594(d), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), all of the defendant's right, title, and interest in the assets described above are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c). Pursuant to Rule 32.2(b)(4) and the defendant's Plea Agreement (Doc. 32 at 9), the order of forfeiture shall be final as to defendant Neang Prom's interest in the above described assets at the time it is entered.

The Court retains jurisdiction to enter any order necessary for the forfeiture and disposition of these assets, and to adjudicate any third party claim that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cr-124.forfeit 49.wpd

2